## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLE MICHELLE SORNOZA, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO.  22-2435 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                          November 29, 2022

  Nichole Michelle Sornoza ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. §

405(g), of the final decision of the Commissioner of the Social Security Administration ("the

Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the

Social Security Act.   Plaintiff has filed a brief in support of her request for review, the

Commissioner has responded to it, and Plaintiff has replied.   For the reasons set forth below,

Plaintiff's request for review is denied.

### I.  PROCEDURAL HISTORY[1]

  On June 23, 2020, Plaintiff applied for DIB, based on physical impairments that

commenced on April 2, 2019; subsequently, Plaintiff amended her alleged onset date to June 16,

2020.   R. 15.   The claim was denied, initially and upon reconsideration; therefore, Plaintiff

requested an administrative hearing.   Id.   On August 2, 2021, Plaintiff appeared before Richard E.

Guida, Administrative Law Judge ("the ALJ"), for a video hearing.   Id.   Plaintiff, represented by

an attorney, and Michael Kibler, a vocational expert, ("the VE") testified at the hearing.   Id.   On

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and
Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of
Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

September 3, 2021, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision.  R. 15-28.  The Social Security Administration's Appeals Council denied Plaintiff's request for review, on April 21, 2022, making the ALJ's findings the final determination of the Commissioner.  R. 1-3.  Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    Personal History

Plaintiff, born on October 28, 1979, was forty-one years old at the time of the administrative hearing.  R. 43.  She has a high school education and lives with her husband and nineteen year old child.  R. 43, 51.

B.    Plaintiff's Testimony

During the administrative hearing, Plaintiff testified about her physical impairments.  R. 43-54.  Multiple sclerosis ("MS") and diabetes, which causes neuropathy, are her primary

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. § 404.1520(g).

problems.  *Id.*  Neuropathy triggers foot pain, and an unpredictable right foot drop, that has caused her to fall.  R. 48.  As a result of her MS and foot pain, Plaintiff can only stand without supportive assistance for approximately five minutes; with something to lean upon, she can stand for up to thirty minutes at a time.  R. 49.  When Plaintiff walks short distances accompanied, she relies upon that person for support; when walking alone, she uses a cane.  R. 50.  Plaintiff is able to walk approximately one city block, with the use of a cane.  *Id.*  When using the cane, Plaintiff cannot carry anything in her free hand, because doing so causes instability.  R. 52.  She can sit for approximately one hour.  R. 50.

Plaintiff attends to some household chores independently.  R. 51-52.  However, she does not carry laundry up and down steps and only cooks half of the family meals each week.  R. 52.  Plaintiff can attend to most of her personal hygiene alone; however, she cannot shave her legs in the shower, because of poor balance and a heightened risk of falling.  R. 53.  Finally, on days when Plaintiff's MS symptoms are significantly worse than normal, she cannot function at all; she estimated that "bad days" occur approximately three to four times each month.  R. 50-51.

C.    Vocational Testimony

The VE characterized Plaintiff's prior jobs as light[3] or medium[4] exertional levels and unskilled[5] to skilled.[6]  R. 55-56.  The ALJ asked the VE to consider a person of Plaintiff's age, education, and work experience; who could:  perform light work; stand or walk for up to four

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[4]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

[5]"Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. § 404.1568(a).

[6] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. § 404.1568(c).

hours;  occasionally  perform  postural  activities,  except  she  could  never  use  ladders,  ropes  or

scaffolds.  R. 56.  Additionally, she must avoid concentrated exposure to vibration, dangerous

machinery and unprotected heights.  R. 56.  The VE responded that, although this individual could

not  perform  any  of  Plaintiff's  past  jobs,  she  could  perform  three,  alternative,  light  jobs:   (1)

conveyor line bakery worker (4,200 positions in the national economy); (2) electrical accessories

assembler (21,000 positions in the national economy; and (3) cashier II (15,000 positions in the

national economy).  R. 56-57.  In addition, the person could perform two sedentary[7] jobs:  table

worker (29,000 positions in the national economy) and assembler (14,000 positions in the national

economy).  R. 57.

Next, the VE testified that employers would tolerate no more than one absence from work

per month and an employee being off-task no more than 15% of the time.  R. 58.  Finally, if the

person in the hypothetical question needed to use a cane for ambulation, all five of the jobs remain

available; however, if the person needed the cane for balance, only the sedentary jobs (table worker

and assembler) would be viable.  R. 59.

### III.        THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1.      [Plaintiff] meets the insured status requirements of the Social
        Security Act through December 31, 2025.

2.      [Plaintiff] did not engage in substantial gainful activity since
        June 16, 2020, the amended alleged onset date (20 CFR
        404.1571 *et seq.*).

3.      [Plaintiff] had the following severe impairments:  multiple
        sclerosis and diabetes (20 CFR 404.1520(c)).

4.       [Plaintiff] does not have an impairment or combination of
        impairments that met or medically equaled the severity of

---

[7]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools."  20 C.F.R. § 404.1567(a).

one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5.     After careful consideration of the entire record, the undesigned finds that, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [she] is capable of standing and/or walking four (4) hours total, occasional climbing of stairs and ramps, balancing, kneeling, stooping, crouching or crawling, but never climbing of ladders, ropes or scaffolds, and [she] should avoid concentrated exposure to vibration, dangerous machinery and unprotected heights.

6.     [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7.     [Plaintiff] was born on October 28, 1979 and was 39 years old, which is defined as a younger individual aged 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.     [Plaintiff] has at least a high school education (20 CFR 404.1564).

9.     Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a)).

11.    [Plaintiff] has not been under a disability, as defined in the Social Security Act, from June 16, 2020 through the date of this decision  (20 CFR 404.1520(g)).

R. 17-18, 26-28.

5

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.   Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R.

§ 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform any of her past relevant work, she could perform other light and sedentary jobs that exist in the national economy and, hence, was not disabled.  R. 15-28.  Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred because he failed to properly evaluate the opinions of Daniel W. Johnson, III, D.P.T and Victoria Beers, D.P.T.  Pl. Br. at 3-24.  The Commissioner denies Plaintiff's assertions.  Resp. at 1-11.  This court finds Plaintiff's arguments unmeritorious; moreover, even if the ALJ committed legal error when evaluating the opinions of Plaintiff's physical therapists, said error was harmless.

7

1.   The ALJ Properly Evaluated the Opinions of Mr. Johnson and Ms. Beers

Plaintiff argues that the ALJ committed legal error when evaluating the opinions of her two physical therapists.  Reply at 2.  These opinions were favorable to Plaintiff, because they called for greater restrictions than the ALJ's residual functional capacity assessment ("RFC").   In particular, their opinions that Plaintiff would miss more than three days of work per month, R. 492, 1136, would be disabling, per the VE's testimony.  R. 58.  However, it is clear that the ALJ identified the correct regulations and applied them in the manner the regulations require when considering the physical therapists' opinions.  Hence, there is no basis to find the ALJ committed legal error when evaluating those opinions.

Plaintiff filed her application on June 23, 2020, hence, the new regulations for evaluating medical opinion evidence applied.  20 C.F.R. § 404.1520c.  Those regulations identify five factors for evaluating medical opinions:  (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.  § 404.1520c(c)(1)-(5).  Of the five factors, supportability and consistency are the most important, § 404.1520c(b)(2), and an ALJ is not required to explain whether and how he considered the other three factors.  *Id.*  In addition, if a medical source provides multiple opinions, an ALJ is not required to provide an analysis of each opinion, instead, the ALJ may address how the relevant factors apply to each source's opinions collectively.  § 404.1520c(b)(1).

Plaintiff does not dispute that the ALJ identified the correct regulations.  *See* Pl. Br. at 5. Furthermore, in his decision, the ALJ correctly identified the opinions rendered by Mr. Johnson and Ms. Beers, including the disabling opinions, and he explained why, in his view, each source did not adequately support their opinions and why their opinions were inconsistent with evidence from other medical sources in the record.  R. 24-25.  As to Mr. Johnson, the ALJ accepted his

opinions concerning the amount of weight Plaintiff could lift and carry, because they were consistent with other evidence in the record.  R. 24-25.  However, the ALJ found that Mr. Johnson's opinions concerning Plaintiff's sitting, standing and walking limitations were unsupported by Mr. Johnson and his other opinions were inconsistent with other evidence in the record.  R. 25.  As to Ms. Beers, the ALJ accepted her opinions concerning the amount of weight Plaintiff could lift and carry, because they were consistent with other evidence in the record.  R. 25.  However, her other opinions were inconsistent with either her own therapy notes or those of Mr. Johnson.  *Id.*

The ALJ's explanations are legally adequate.  He applied the correct regulations and explained which opinions he accepted as consistent with other evidence in the record.  Furthermore, the ALJ explained why the opinions he rejected were unsupported by each source or inconsistent with other record evidence.  Under the regulations, that is all he was required to do.  20 C.F.R. § 404.1520c(b)(2).  Accordingly, there is no basis to find that the ALJ committed legal error when he evaluated the opinions of Mr. Johnson and Ms. Beers.

2. Any ALJ Error Would be Harmless in this Case

Assuming *ad arguendo* that the ALJ improperly evaluated the opinions of Mr. Johnson and Ms. Beers, that error, nevertheless, would be harmless, because the ALJ identified other, substantial evidence to support his decision.  It is well-established that reversal and remand are not required, if the ALJ's error which the claimant identifies would not have changed the outcome of the case.  *Rutherford*, 399 F.3d at 553, 556.  As explained below, that is the case herein.

The opinions of Plaintiff's therapists relate to her RFC and, per the VE's testimony, their opinions of her expected absence from work are disabling.  The ALJ did not accept these opinions and several other of their opinions which were more restrictive than the RFC he reached.  However,

he accepted the opinions of Ethel Marie Hopper, M.D. and Lelwyllen Antone Raymundo, M.D., state agency medical consultants.  R. 23.  The ALJ found the opinions of these doctors more consistent with other evidence in the record, as required by the relevant regulation.  Furthermore, the opinions of Drs. Hopper and Raymundo concerning Plaintiff's limitations are reflected in the RFC.  Hence, Drs. Hopper and Raymundo provide substantial evidence to support the ALJ's RFC assessment.  For this reason, any error in evaluating the opinions of Mr. Johnson and Ms. Beers – which are relevant because they concern the proper evaluation of Plaintiff's RFC – would be harmless.  *Rutherford*, 399 F.3d at 553, 556.

An implementing order and order of judgment follow.